DAVID F. APPLE, MD, PROFESSIONAL CORPORATION PENSION PLAN, Glen A. Juntti and Barbara J. Juntti, individually and on behalf of those similarly situated, Plaintiffs,

v.

PRUDENTIAL–BACHE SECURITIES, INC., John Rissanen, Terrill A. Turner, Robert E. Johnson, Jr., J & T Investors, Inc. and John Does 1–100, Defendants.

No. C–C–90–0203–MU.

United States District Court, W.D. North Carolina, Charlotte Division.

July 17, 1992.

See also 820 F.Supp. 980.

Gregory Bartko, Reynolds, Bryant & Patterson, Raleigh, NC, Marvin A. Miller, Chertow and Miller, Chicago, IL, for plaintiffs Robert and Cecilia Martin, David F. Apple M.D. and Professional Corp. Pension Plan.

Gregory Bartko, Reynolds, Bryant & Patterson, Raleigh, NC, Marvin A. Miller, Chertow and Miller, Chicago, IL, Marvin Schiller, Schiller & Barringer, Raleigh, NC, for plaintiffs Glen and Barbara Juntti.

John R. Wester, Robinson, Bradshaw & Hinson, Charlotte, NC, for defendants Prudential–Bache Securities, Inc. and John Rissanen.

Steve J. Davis, Phears and Davis, Norcross, GA, C. Howard Nye, Nye, Phears & Davis, Durham, NC, for defendants Terrill A. Turner, Robert E. Johnson, Jr. and J & T Investors, Inc.

### ORDER

MULLEN, District Judge.

This matter is before the Court upon motion of the defendants Prudential–Bache Securities, Inc. and John Rissanen to dismiss plaintiffs' Second Amended Complaint pursuant to Fed.R.Civ.P. 9(b), 12(b)(6), and 21. Plaintiffs Robert M. and Cecelia A. Martin (who no longer appear as captioned plaintiffs) filed this suit on June 29, 1990, alleging violations of the Securities Act of 1934, as well as other claims. The complaint was later amended without leave of court to add three additional plaintiffs. On May 21, 1991, this Court dismissed the complaint without prejudice for, *inter alia,* failing to plead fraud with the specificity required under Fed.R.Civ.P. 9(b). On June 14, 1991, the plaintiffs filed a Second Amended Complaint, which the defendants Prudential–Bache and Rissanen now move to dismiss. The Second Amended Complaint asserts causes of action under Section 10(b) of the Securities Exchange Act and Rule 10b–5 promulgated thereunder by the Securities and Exchange Commission (Count I); control person liability under Section 20(b) and (d) of the Securities Exchange Act (Count II); aiding and abetting the Section 10(b) violation (Count III); *respondeat superior* (Count IV); common law fraud and deceit (Count V); and negligent misrepresentation (Count VI).

In its May 21, 1991 Order, this Court found that the plaintiffs' allegations failed to provide the indicia of fraud required by Rule 9(b). In particular, the Court found that the complaint either failed to identify or only obliquely referred to sources supporting the factual allegations of fraud, especially the more damaging allegations. In addition, the Court found certain allegations to be "purposefully and puzzlingly vague". Further, the plaintiffs' complaint failed to allege facts that would lead one reasonably to believe that the price increase for IBCA stock "must be" attributable to fraud.

■ In their Second Amended Complaint, the plaintiffs add certain testimony from another trial, *International Broadcasting Corp. v. Turner, et al.*, No. 4–89–541 (D.Minn. Feb. 22, 1991), as a source in support of certain factual allegations of fraud. In *Turner*, International Broadcasting Corporation sued Turner, Johnson, and J & T Investors, Inc., alleging various violations of the Securities Exchange Act of 1934 similar to the allegations in the present case. It appears to the Court, however, that the district judge in the *Turner* case found "no evidence ... of an improper motive or manipulation on the part of Johnson, Turner or J & T" [Slip Op., p. 7]; that the idea of any stock manipulation was incredible because "J & T and Johnson still had large shareholdings of IBCA at the time of trial and the stock price had dropped significantly" [Slip Op., pp. 7–8]; and that "no showing was made that Johnson, Turner or J & T acted with the necessary motive to support a cause of action based on the use of alleged inside information" [Slip Op., p. 8]. Further, the testimony of Joe Part (upon whom plaintiffs base many of their supporting allegations) was flatly rejected by the district judge "because of [Part's] admitted perjury and the many material conflicts between his deposition testimony and his testimony in its entirety." [Slip Op., p. 40]. Given this, it appears to the Court that plaintiffs' additional "sources" are not merely suspect, but are nonexistent for purposes of bolstering their claims of fraud.

The plaintiffs argue that because the defendants have attached a copy of the *Turner* case as an exhibit to their motion to dismiss, that motion must be converted into a motion for summary judgment, and the plaintiffs must be given an opportunity to present evidence in opposition to the motion. This argument is without merit. It was the plaintiffs who, when pressed to identify sources in support of their allegations, cited testimony from the *Turner* case. The defendants did not submit a copy of the case as a factual basis for their motion to dismiss, rather the case was submitted to allow the Court to properly evaluate whether the plaintiffs' new source sufficiently bolstered the allegations in the Second Amended Complaint for purposes of Rule 9(b).

In addition to failing to provide sufficient additional sources to back their claims of fraud, the plaintiffs have also failed to cure some of the other defects that the Court referred to in its May 21, 1991 Order. Specifically, the plaintiffs fail to provide any additional allegations to support their claim that the increase in the IBCA stock price was due to any alleged manipulation. Indeed, in the *Turner* case, Judge Doty, in evaluating the same stock during the same basic time frames, found that the variation in stock values were due to other market factors. Slip Op., p. 7. The plaintiffs also fail to clarify certain paragraphs the Court found to be unduly vague and unspecific, namely paragraphs 53 and 54, which appear to be identical in the new complaint. Further, some of the allegations in the first complaint appear to have been made even more vague in the second amended complaint. For example, paragraph 39 in the first complaint, which this Court described as "purposefully and puzzlingly vague", alleges as follows:

"On or about November 22, 1988, Johnson had a telephone conference with Rissanen, brother of one of Johnson's friends, Juko Rissanen. In that telephone conference in which a Shearson Lehman broker also participated, Johnson privately disclosed J & T's true intentions regarding IBCA, including J & T's planned offer to IBCA and the timetable for the proposed offers."

In the Plaintiff's second amended complaint, paragraph 39 appears as new paragraph 45, and reads as follows:

"Prudential–Bache and Rissanen were aware of material non-public information ('inside information') concerning the timing of proposed offers by J & T to purchase IBCA stock at certain prices. On or about November 22, 1988, Johnson privately disclosed to Rissanen J & T's intentions regarding IBCA (i.e. to drive the price of the stock higher), including J & T's planned offers to IBCA and the timetable for the proposed offers."

As in their first complaint, the plaintiffs offer no facts and no legitimate source upon which they base this allegation.

Lastly, plaintiffs' Second Amended Complaint groups defendants together without specifying which defendant committed which wrong. For example, Count I alleges that the "Defendants ... engaged in a scheme, practice, or course of business to manipulate the market for IBCA stock," (paragraph 59), and that "Defendants have manipulated the market ... by making statements to the press ... and by omitting to disclose their lack of basis for such statements and their true intent in making such statements," (paragraph 60). By using common allegations to imply that each defendant is responsible for the statements and actions of the others, plaintiffs are not in compliance with Rule 9(b), which requires that a complaint set forth with particularity each defendant's culpable conduct.

It appearing to the Court that the Second Amended Complaint does not succeed in curing the serious deficiencies that led to the dismissal of the initial complaint, the defendants' motion to dismiss with prejudice pursuant to Rule 9(b) is granted. Because Count I is dismissed, Counts II, III, and IV alleging control person liability, liability for aiding and abetting, and liability under *respondeat superior* cannot be supported and must likewise be dismissed. Counts V and VI, which are based on pendent jurisdiction must also be dismissed. *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

IT IS THEREFORE ORDERED that the defendants' motion to dismiss is GRANTED and that the Second Amended Complaint is hereby DISMISSED with prejudice.